For a report of the decision of the special term, see *Ante,* 278.

INGRAHAM, F., J.—This appeal from an order of Judge Daly, is submitted without any points or brief of either party.

The application is for an order to remove the cause from this court to the United States Circuit Court upon the ground that the action is between citizens of different states. The answer to the application is, that three of the plaintiffs are aliens, and that the statute providing for the removal of a cause from a State Court to the United States Court does not apply to such a case.

After the full examination given by Judge Daly to this question, we do not deem it necessary to add to his opinion anything beyond our concurrence therewith.

For the reasons stated by him in his opinion delivered at special term, we think the order appealed from should be affirmed, with ten dollars costs.

---

## BRIEN *a.* CASEY.

*New York Common Pleas ; General Term, February,* 1856.

### APPLICATION FOR JUDGMENT.—PROOF OF SERVICE AND NO ANSWER.

A sheriff's certificate of service of summons and complaint does not lose its force by lapse of time, or by being used upon the entry of a judgment afterwards vacated. It may notwithstanding be used upon a second application for judgment.

An affidavit of no answer must show, to entitle the plaintiff to judgment, that no answer has been received up to the time of noticing the application for judgment.

Appeal from an order denying an application made to the court by plaintiff for the relief demanded in his complaint.

Judgment was entered in this action, which was upon tort, in March, 1850, but was afterwards vacated. The plaintiff now moved upon the sheriff's certificate of service of summons and complaint, and the affidavit of no answer, which had been

used upon the original entry of judgment in 1850, for judgment in his favor anew. His motion was denied at special term, with liberty to him to renew it upon additional papers. From this order the plaintiff appealed.

*Palmer & Waterman,* for appellant, contended that the final judgment entered having been irregular, and having been vacated by consent for that reason, the papers used upon its entry could not be considered as *functus officio,* but might be used on the present application.

*Stilwell & Swain,* for respondent.—I. The certificate of service made by the sheriff in 1850, and the affidavit of no answer made about the same time, were annexed to a judgment roll on the files of the court, and had been used in entering up a judgment in this action in 1850; and were of course *functus officio.*

II. The affidavit of no answer, if still good was made five years since, and was no evidence that an answer had not been served at the time of noticing.

INGRAHAM, F. J.—The order appealed from was properly granted. Before the party entitled to it can obtain from the court relief as applied for, he must show the service of the summons, and that no answer has been received.

The service of the summons was sufficiently proven by the sheriff's certificate, which did not lose its force or validity by having been filed in entering judgment in 1850. That judgment was vacated, and the certificate was entitled to as much credit afterwards as before. I do not understand that the rule which has been applied to affidavits, has ever been extended to the official documents of sworn public officers, and I can see no reason why it should be. Even as regards affidavits, I have never been able to understand why an affidavit which has been used on a motion, is not just as good evidence of the facts therein stated, as it would be, if copied and resworn to.

But an affidavit that no answer had been received, which was sworn to March 27, 1850, did not prove that no answer had been received at the time of making the motion. Many

occurrences might have led to putting in answer after that affidavit was made. The intent of the Code is that the plaintiff shall show to the court that when he makes his application no answer had been served on him.

The order appealed from is affirmed, with ten dollars costs.